## In re HUDDLESTON.

No. 10203—Opinion Filed June 3, 1919.

(Syllabus by the Court.)

**1. Limitation of Actions — Disbarment — Statutes.**

On September 15, 1918, an information was filed to disbar an attorney for fraud alleged to have been committed in May, June, July, and September, 1912, to which statutes of limitation were pleaded. Held that, under section 267 of the Compiled Laws of Oklahoma of 1909, fixing a limitation of one year for the commencement of the action, the plea was a bar to the prosecution; and further held, the omission of section 267, supra, from the Revised Laws of Oklahoma of 1910, did not toll the statutes of limitation, for the reason that the act approved March 3, 1911 (Laws 1911, c. 39), adopting the Revised Laws of 1910, provides that the running of the statutes of limitation shall not be affected thereby.

**2. Attorney and Client—Disbarment—Sufficiency of Evidence.**

Evidence in support of count No. 2 examined, and held not sufficient to disbar an attorney.

Petition in Supreme Court for the disbarment of C. T. Huddleston, an attorney. Petition for disbarment denied, report of Hon. Frank Wells, referee, confirmed, and proceedings dismissed.

Fred M. Carter and W. H. Dill, for complainant.

Frank B. Burford and J. W. Patterson, for respondent.

HIGGINS, J. This is an original proceeding commenced in this court to disbar C. T. Huddleston, an attorney. The information was filed in this court September 5, 1918, containing five counts, each count presenting a distinct charge. Hon. Frank Wells, an attorney of the Oklahoma City bar, was by this court appointed referee, and directed to hear evidence and to file a transcript of the evidence taken, together with his findings of fact and conclusions of law.

On March 15, 1919, the referee filed in this court a transcript of the evidence taken, together with his findings of fact and conclusions of law, finding that all matters complained of in the first count were barred by the statutes of limitation, and that the testimony did not warrant disbarment on counts 2, 3, and 4, and that disbarment should not be had on count 5. Exceptions were filed to the findings of fact and conclusions of law, as far as the same related to counts 1 and 2, but no exceptions were taken as to the other counts in the information. The court's at-tention will be directed to those counts, to wit, 1 and 2, to which exceptions were taken.

In count 1 it was alleged that in the months of May, June, July, August, and September, 1912, the respondent, while acting as attorney for a minor Creek freedman in the sale of her property in the county court of Okfuskee county, was guilty of fraud to the detriment of his client. To this charge the plea of limitation was interposed and sustained by the referee.

The law of limitation as applied to the suspension or removal of an attorney at the time the fraudulent acts are alleged to have taken place is set forth in section 267 of the Compiled Laws of Oklahoma of 1909, and that portion of the section fixing limitation for the commencement of an action is as follows:

"All actions for suspension or removal shall be brought within one year after the act charged was committed, and not thereafter."

However, prior to the expiration of one year, to wit, on May 16, 1913, the Revised Laws of Oklahoma of 1910, became effective, and section 267, supra, was omitted therefrom. It is thus contended that this tolled the statutes of limitation. This contention, however, is met by section 2 of the act approved March 3, 1911, adopting the Revised Laws of 1910. Section 2, supra, is as follows:

"All general or public laws of the state of Oklahoma not contained in said revision are hereby repealed; Provided, that this act shall not be construed to repeal, or in any way affect any special or local laws, or any appropriation, special election, validating act or bond issue thereby authorized, nor to affect any pending proceeding or any existing rights or remedies, nor the running of the statute of limitation in force at the time of the approval of this act; but all such local and special laws, appropriations, special elections, validating acts, bond issues, pending proceedings, and existing rights and remedies shall continue and exist in all respects as if this act had not been passed. * * *" Laws 1911, c. 39.

We find that the referee, as a matter of law, was correct in sustaining the plea of the statutes of limitation; but by so doing we do not wish it to be understood that the statutes of limitation will be a bar to a prosecution of any act charged as having taken place since the Revised Laws of 1910 became effective, in which section 267, supra, is omitted.

As to matters complained of in count 2 of the information, the testimony shows that the respondent was attorney for J. S. Bearden, and appeared in court as attorney for Israel Long, an Indian, and procured cer-

tain orders in the interest of the said Bearden, who had purchased from Israel Long, soon after he became of age, all the claims of the said Long against his former guardian at a price which now seems to have been inadequate. It does not appear from the testimony that the purchase by Bearden from Long was fraudulently procured, or that the said respondent was either attorney or advised the sale of same, and it further appears that Long knew and understood that Huddleston was appearing in his name as attorney for Bearden, the assignee of the claim. We find that the evidence in support of count 2 is not sufficient to disbar the respondent from the further practice of law.

It is therefore the judgment of this court that the prayer of the relator's petition, asking that the respondent be disbarred from the further practice of law, be and the same is hereby denied.

OWEN, C. J., and SHARP, PITCHFORD, and McNEILL, JJ., concur.